# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

The State, Respondent,

v.

Kendrick Montrez Lee, Appellant.

Appellate Case No. 2023-001843

———————

Appeal From Abbeville County
Frank R. Addy, Jr., Circuit Court Judge

———————

Opinion No. 6151
Heard November 6, 2025 – Filed July 1, 2026

———————

## REVERSED AND REMANDED

———————

E. Charles Grose, Jr., of Grose Law Firm, of Greenwood,
for Appellant.

Attorney General Alan McCrory Wilson and Brian Hollis
Gibbs, both of Columbia, and David Matthew Stumbo, of
Greenwood, all for Respondent.

———————

**VINSON, J.:** Kendrick Montrez Lee appeals his conviction for assault and battery of a high and aggravated nature (ABHAN) and sentence of life without parole (LWOP), arguing, among other things, that the trial court erred by failing to determine whether a juror's hearing issues could be accommodated.[1] We reverse and remand.

---

[1] Lee additionally argued the trial court erred by (1) denying his request for a continuance; (2) denying his *Batson v. Kentucky*, 476 U.S. 79 (1986), motion; (3)

**FACTS**

In 2023, a jury convicted Lee of ABHAN for severely beating his cousin.[2]  Prior to trial, Lee made a *Batson* motion based on the State's striking of the sole Black juror, Juror 191, presented from the jury panel.  The State informed the trial court it struck Juror 191 due to his prior convictions for simple assault and battery; two instances of disorderly conduct; and criminal domestic violence, third or subsequent offense.  All of these convictions were at least twenty years old.  Regarding other jurors with criminal records, the State informed the trial court that Juror 188, who was seated and was white, had a public disorderly conduct conviction from 2011.  Juror 186, who was struck and was white, had a conviction for a fraudulent check from 1995.  Lee argued Juror 191's criminal history was similar to Juror 188, but the State struck Juror 191, who was Black, and not Juror 188, who was white.  The State contended that Juror 191's conviction for simple assault and battery was similar to Lee's charge of ABHAN whereas Juror 188's conviction for public disorderly conduct was not.  The trial court asked the State to reconsider allowing Juror 191 to sit as the second alternate juror.  The State acquiesced.  When the jury returned to the courtroom, the trial court informed Juror 191 that he would be an alternate juror.  However, Juror 191 had noticeable difficulty hearing the trial court and informed the court he could only hear out of one ear.  When asked if he had been able "to hear everything that [had] been going on in the courtroom," Juror 191 said that he could hear only "[s]ome of it."  The trial court held an off-the-record bench conference, after which the trial court instructed Juror 191 to rejoin the jury panel.  The trial court dismissed the jury panel from the courtroom and stated:

> The record will reflect that in conversing with [Juror 191], I think it already reflects that [Juror 191] was extremely hard of hearing, that did not come to the

failing to grant a mistrial based upon the trial court's allegedly improper opening remarks; (4) failing to charge the jury under *State v. King*, 158 S.C. 251, 155 S.E. 409 (1930); (5) providing jurors with a "cascading" verdict form; and (6) failing to quash the State's notice of intent to seek LWOP.

[2] The victim, Tobias Hughey, suffered life-threatening head injuries and a fractured ulna.  Hughey's heart stopped twice during the helicopter transport after the attack.  Due to his injuries, Hughey's lungs, liver, heart, and kidneys all began to shut down.  Hughey survived after a month-long hospital stay, but he suffered permanent brain damage from the attack.

attention of the Court, obviously, until the Court was toying with the idea, or looking to put him on [the jury] in order to - to address the - the alleged *Batson* violation. He obviously remarked that he only heard some of what was said during the course of voir dire.

[Lee's counsel] did indicate that in other cases, judges have made accommodations to people who are hard of hearing. And I'm certainly open to such an accommodation if feasible. But based on [Juror 191's] difficulty hearing me, and based upon the fact that I could not be sure that he had heard all the voir dire, that he had heard all the names of the witnesses called, that he had been able to physically answer correctly, I went back on my initial idea of sitting him as an alternate juror.

And the Court does find that the State's stated reasons for excusing the jurors that they excused were not pretext. There was no *Batson* violation, there was no discrimination. The fact that [J]uror 191 had previously been convicted of several assaults as well as other crimes and because this is an assault case as well, that is a - the Court finds that that is a racially neutral reason to strike him.

And that the seating and - or that the seating of [J]uror 188, that that was because she had that disorderly conduct conviction that the strike against [J]uror 191 was not pretextual. It's an apples and oranges comparison in this Court's mind.

And of course[,] I've had a chance to consider the credibility of the proponents of the strike. And do find that there are reasons for excusing the jurors that they excused. I do find that those were valid and not in violation of *Batson.* Obviously fraudulent checks[,] as we used to describe it[,] is a crime of moral turpitude and [it] involves dishonesty. That's a different animal from a simple disorderly conduct where maybe somebody's had

> a little bit too much to drink. But obviously the
> defendant's objection is noted.
>
> And the Court wishes to note that as a practical matter,
> [J]uror 191 was - may not be a - may not have been as
> deaf as a fence post, but he was darn - darn close.

Lee moved to quash the jury and for a continuance, arguing the jury did not represent a fair cross section of the community. The trial court acknowledged it was "always best to have as wide a cross section of the community if at all possible" and stated it would have preferred a better cross section but denied the motion.

The jury found Lee guilty of ABHAN. Although the victim asked for leniency and requested a term of probation for Lee, the trial court sentenced Lee to LWOP under section 17-25-45(B) of the South Carolina Code (2014).[3] This appeal followed.

## STANDARD OF REVIEW

In criminal cases, appellate courts review errors of law only and are bound by the trial court's factual findings unless those findings are clearly erroneous. *State v. Edwards*, 384 S.C. 504, 508, 682 S.E.2d 820, 822 (2009). Thus, on review, appellate courts are "limited to determining whether the trial court abused its discretion." *Id.* "An abuse of discretion occurs when [the] trial court's decision is unsupported by the evidence or controlled by an error of law." *State v. Bryant*, 372 S.C. 305, 312, 642 S.E.2d 582, 586 (2007).

## ANALYSIS

---

[3] Section 17-25-45(B), also known as the "Three Strikes Rule" provides that upon conviction for a serious offense, "a person must be sentenced to a term of imprisonment for life without the possibility of parole if that person has two or more prior convictions for . . . a serious offense." Lee had two previous convictions for serious offenses: one for trafficking cocaine and one for distribution of marijuana within a half mile of a school or playground. *See* S.C. Code Ann. § 17-25-45(C)(2)(b) (Supp. 2025) (including trafficking controlled substances and distribution of a controlled substance within proximity of a school as serious offenses).

We hold the trial court erred by excusing Juror 191 without making an inquiry into whether the court could accommodate his hearing impairment. The trial court may disqualify a juror for incompetence resulting from a physical infirmity. *See* S.C. Code Ann. § 14-7-1010 (2017) ("The presiding judge shall determine whether any juror is disqualified or exempted by law and only he shall disqualify or excuse any juror as may be provided by law."); S.C. Code Ann. § 14-7-810 (2017) ("[N]o person is qualified to serve as a juror in any court in this [s]tate if: . . . [h]e is incapable by reason of . . . physical infirmities to render efficient jury service . . . . The trial judge must make the final determination of the qualifications of a juror as set out in this section and his decision must not be disturbed on appeal."); *State v. Gaskins*, 284 S.C. 105, 113, 326 S.E.2d 132, 138 (1985) ("A juror's competence is within the trial judge's discretion and not reviewable unless wholly unsupported by the evidence." (quoting *State v. Spann*, 279 S.C. 399, 402, 308 S.E.2d 518, 520 (1983))); *State v. Wise*, 359 S.C. 14, 23-24, 596 S.E.2d 475, 479 (2004) ("An appellate court will not disturb the trial court's disqualification of a prospective juror when there is a reasonable basis from which the trial court could have concluded the juror would not have been able to faithfully discharge his responsibilities as a juror under the law."); *see also State v. Dawkins*, 268 S.C. 110, 111, 232 S.E.2d 228, 228 (1977) (noting the trial court has wide discretion in voir dire examination). However, here, the trial court failed to even inquire about whether Juror 191's hearing impairment could be accommodated. *See Trotman v. State*, 218 A.3d 265, 280 (Md. 2019) ("[T]he Americans with Disabilities Act prohibits a trial court from reaching the blanket conclusion that a certain disability would necessarily preclude jury service at any given trial."); *id.* ("When determining whether it is permissible to excuse for cause a prospective juror on a disability-related ground, a trial court must engage in an individualized, case- and disability-specific inquiry."); *People v. Guay*, 959 N.E.2d 504, 508 (N.Y. 2011) (stating "a court must determine whether the [prospective juror] has the ability to 'understand all of the evidence presented, evaluate that evidence in a rational manner, communicate effectively with the other jurors during deliberations, and comprehend the applicable legal principles, as instructed by the court'" (quoting *People v. Guzman*, 555 N.E.2d 259, 261 (N.Y. 1990))); *id.* ("[A] hearing impairment does not per se preclude an individual from serving as a juror."); *State v. Speer*, 925 N.E.2d 584, 589 (Ohio 2010) ("[A] trial court must determine whether reasonable accommodations will enable an impaired juror to perceive and evaluate all relevant and material evidence, and when no such accommodation exists, the court must excuse the juror for cause."). Further, although the trial court had valid concerns about whether Juror 191 heard all the questions asked during voir dire, it made no effort to voir dire Juror 191 individually. *See* S.C. Code Ann. § 14-7-1020 (2017) (requiring the court conduct a voir dire of any person who is

called as a juror upon request of either party). Because the trial court failed to engage in an inquiry of Juror 191, the record does not indicate whether a reasonable accommodation would have allowed Juror 191 to render efficient service. Thus, the record lacks evidence to support the trial court's disqualification of Juror 191. Therefore, we hold the trial court erred by excusing Juror 191 due to a hearing impairment without inquiring as to whether such impairment could be accommodated.[4]

**REVERSED AND REMANDED.**

**KONDUROS and GEATHERS, JJ., concur.**

---

[4] Because our disposition of this issue is dispositive, we decline to address Lee's remaining issues on appeal. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating appellate courts need not address remaining issues when disposition of prior issue is dispositive).